UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARY S.,[1]

                                                            Plaintiff,                Case # 19-CV-829-FPG

v.                                                                               DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                                 Defendant.
_____

## INTRODUCTION

Plaintiff Mary S. protectively applied for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act") on or about April 11, 2016, alleging disability beginning January 1, 2014. Tr.[2] 253-54. After the Social Security Administration ("SSA") denied her claim, Tr. 186-97, Plaintiff appeared, with counsel, at a hearing on June 13, 2018, before Administrative Law Judge Patricia French (the "ALJ"). Tr. 62-150. Plaintiff and a vocational expert testified. On June 20, 2019, the ALJ issued an unfavorable decision. Tr. 38-54. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[3] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 12, 17. Plaintiff did not file a reply. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED for further proceedings.

---

[1] In accordance with this Court's November 18, 2020 Standing Order regarding the identification of non-government parties in social security decisions, available at https://www.nywd.uscourts.gov/standing-orders-and-district-plans, this Decision and Order will identify Plaintiff using only Plaintiff's first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 4.

[3] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

1

**LEGAL STANDARD**

I. **District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

II. **Disability Determination**

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education, and work experience. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. §§ 404.1520, 416.920.

## DISCUSSION

**I.     The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above. At step one, the ALJ found that Plaintiff had not engaged in gainful activity since August 16, 2016, the alleged onset date. Tr. 41. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar and cervical spine; migraines; gastroesophageal reflux disease; obesity; insomnia; depressive disorder; and anxiety disorder. Tr. 41-42.

At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 42-44. Next, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she must be able to perform work while alternating between sitting and standing at her discretion, so long as she stays on task. Tr. 44. The ALJ also limited Plaintiff to perform "low stress" jobs, *i.e.*, repetitive work not at production pace that she could learn in less than 30 days. Tr. 45. While the ALJ acknowledged that Plaintiff could follow five-step instructions and interact with co-workers and supervisors on an occasional basis, she should never interact with the public. Tr. 45. Finally, the ALJ determined that Plaintiff would be off-task up to ten percent of each hour and would be absent less than one day per month. Tr. 44-50.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 50-51. At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform and, therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 51-54.

**II.     Analysis**

Plaintiff argues that remand is required because (1) the ALJ improperly analyzed the opinion of Plaintiff's treating physician, Andrew Reichert, M.D.; (2) the Appeals Council ("AC") improperly rejected the October 28, 2018 report from Plaintiff's treating mental health nurse practitioner, Jenny T. Bagen, MS, PMHNP-BC; (3) the ALJ failed to properly consider Plaintiff's credibility; and (4) the ALJ's decision is not supported by substantial evidence. ECF No. 13. Because the Court agrees with Plaintiff's second argument, it will not address Plaintiff's remaining arguments.[4]

In support of her appeal to the AC, Plaintiff submitted an affidavit from Jenny T. Bagen, MS, PMHNP-C, who had treated Plaintiff's mental health impairments since August 2017. Tr. 8-23. In the report, NP Bagen indicated that she had reviewed Plaintiff's previous psychiatric treatment records and evaluated Plaintiff. Tr. 8-23. NP Bagen opined that Plaintiff had severe depression "to the point of suicidal thoughts" and 32 administrations of electroconvulsive therapy ("ECT"), causing memory loss but little improvement. *Id.* NP Bagen opined that Plaintiff had extreme or marked[5] limitations in ability to understand, remember, and apply information, and ability to concentrate, persist, or maintain pace. Tr. 9. NP Bagen then analyzed each of Plaintiff's mental health records dating as far back as 2007, before providing notes from her October 10, 2018 visit where Plaintiff "continues to have emotional liability. Emotional exhaustion. Poor coping skills; Dependency issues. Difficulty relating to others. Social Phobia. Withdrawn." Tr. 22.

---

[4] The Court pauses to note that Plaintiff's brief is confusing and contained multiple errors, which are not acceptable for a filing in this Court and make it difficult to parse Plaintiff's arguments. Plaintiff's counsel is encouraged to be more careful in the future.

[5] NP Bagen indicates that the limitations are "extreme" in the first page of her assessment, but later refers to them as "marked." Tr. 8, 21.

"Pursuant to 20 C.F.R. § 416.1470(b) [or 20 C.F.R. § 404.1790], the AC must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision." *Hollinsworth v. Colvin*, No. 15-CV-543-FPG, 2016 WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016); *Hightower v. Colvin*, No. 12-CV-6475, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) ("The Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision."). Where "the additional evidence undermines the ALJ's decision, such that it is no longer supported by substantial evidence, then the case should be reversed and remanded." *Webster v. Colvin*, 215 F. Supp. 3d 237, 244 (W.D.N.Y. 2016).

The Commissioner appears to concede that NP Bagen's opinion is new and relates to the relevant period, but the AC concluded that it was not material because it would not change the outcome of the decision. Tr. 2 ("We find this evidence does not show a reasonable probability that it would change the outcome of the decision. We did not exhibit this evidence.").

But NP Bagen's opinion could have changed the AC's decision because the opinion contradicted the ALJ's finding that Plaintiff had a moderate limitation in understanding, remembering, and applying information. Tr. 43. Had the Commissioner adopted NP Bagen's decision, Plaintiff would have been rendered disabled under the Listings.[6]

To be sure, under the rules applicable at the time Plaintiff filed her claim, a nurse practitioner was not an "acceptable" medical source as defined in 20 C.F.R. § 404.1513(a), the regulation applicable at the time the claim was filed. However, as SSR-06-03P notes, "[w]ith the

---

[6] A finding of disability under the Listings requires at least one extreme or two marked limitations in areas of mental functioning. *See* 20 C.F.R. § 404.1525. In her decision, the ALJ concluded that Plaintiff had a marked limitation in the area of concentrating, persisting, or maintaining pace. Tr. 43. Had NP Bagen's opinion been adopted, the ALJ would have concluded that Plaintiff also had a marked or extreme limitation in ability to understand, remember, or apply information. Tr. 21.

5

growth of managed health care in recent years and the emphasis on containing medical costs, medical sources who are not 'acceptable medical sources,'" such as nurse practitioners, "have increasingly assumed a greater percentage of the treatment and evaluation functions previously handled primarily by physicians and psychologists." SSR 06-03P, 2006 WL 2329939, at *2 (SSA Aug. 9, 2006). Opinions from these sources are not considered "acceptable" and are therefore not entitled to controlling weight. *Conlin v. Colvin*, 111 F. Supp. 3d 376, 386 (W.D.N.Y. 2015) (citing *Piatt v. Colvin*, 80 F. Supp. 3d 480, 493 (W.D.N.Y. 2015)). "However, the ALJ should consider information from 'other sources,' such as social workers, which 'may also help . . . to understand how [the claimant's] impairment affects [her] ability to work." *Krach v. Comm'r of Soc. Sec.*, No. 3:13-CV-1089 GTS/CFH, 2014 WL 5290368, at *6 (N.D.N.Y. Oct. 15, 2014) (quoting 20 C.F.R. § 404.1513(e)). Although the ALJ is "free to decide that the opinions from 'other sources' . . . are entitled to no or little weight, those decisions should be explained." *Piatt*, 80 F. Supp. 3d at 493 (quoting another source). Furthermore, an ALJ may not disregard a medical opinion solely because the opinion is from a nonmedical source. *Allen v. Comm'r of Soc. Sec.*, 351 F. Supp. 3d 327, 335-36 (W.D.N.Y. 2018).

As for a treating physician, "[t]he amount of weight to give such opinions is based in part on the examining and treatment relationship, length and frequency of the examinations, the extent of relevant evidence given to support the opinion, and consistency with the record as a whole." *Williams v. Colvin*, No. 15-CV-6119-FPG, 2016 WL 1466562, at *4 (W.D.N.Y. Apr. 14, 2016). This standard applies equally to opinion evidence before the AC. *Perry v. Comm'r of Soc. Sec.*, No. 18-CV-5517 (PKC), 2020 WL 1550583, at *4 (E.D.N.Y. Mar. 31, 2020) ("Failure to consider relevant probative evidence such as a nurse practitioner's opinion warrants remand. . . . Because [nurse practitioner] treated Plaintiff on a regular basis, his opinion is entitled to some extra

consideration and reasonably could have influenced the ALJ's conclusion and altered the weight the ALJ gave to the consulting opinions, which found that Plaintiff had mostly mild limitations in areas of mental functioning.").

Here, the AC did not analyze NP Bagen's opinion using the standard outlined above. In fact, the AC's decision discusses NP Bagen's opinion only in the most cursory fashion by indicating that it was not material. Tr. 2. But contrary to the AC's summary dismissal of the opinion, it was material insofar as it could have altered the Commissioner's decision. Indeed, had NP Bagen's opinion been considered and credited, it would have compelled a disability finding.

The Court does have some reservations about the content of NP Bagen's opinion. First, it is in an affidavit format, leaving the Court to question its origins. Second, NP Bagen does not disclose how often or frequently she evaluated Plaintiff, except to indicate that Plaintiff had been her patient for about a year and to discuss at least two visits. That said, the record indicates that Plaintiff saw NP Bagen multiple times in 2018, where Plaintiff reported multiple mental health issues. Tr. 1949-2043. Third, aside from describing Plaintiff's diagnoses and opining that her limitations are marked, NP Bagen does not explain in any detail Plaintiff's functional limitations. Finally, as previously explained, NP Bagen uses both "marked" and "extreme" to describe Plaintiff's limitations. Either way, the Listings would require a disability finding. Despite these reservations, the Court agrees with Plaintiff that remand is warranted.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings, ECF No. 12, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 17, is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this

Decision and Order, pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3). The Clerk of Court shall enter judgment and close this case.

    IT IS SO ORDERED.

Dated: September 3, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York